*343 The court decided that the plaintiff was entitled to recover, in an opinion per curiam, as follows:
March 26, 1934, the President approved an act of Congress (48 Stat. 466, 5 U. S. C. A. 118 (c)) authorizing the appropriation annually of such sums as' might be necessary to enable the President in his discretion and under such regulations as he might prescribe to meet losses sustained on or after July 15, 1934, by officers, enlisted men and employees of the United States while in service in foreign countries due to the appreciation of foreign currencies in their relation to the American dollar. The act provided that such action as the President might take would be binding upon all executive officers of the government.
*344 Pursuant to the authority vested in him by the act, the President issued regulations setting out the conditions for recovery. The only ones here material are those contained in Executive Orders 6928 and 7972, issued December 24,1934, and September 15,1938, respectively. Executive Order 6928 defined the phrase “while in service in foreign countries,” as used in the act, to include “while traveling in foreign countries under official orders.” The order provided methods for calculating the loss sustained in various circumstances and in the case of an employee traveling in foreign countries under official orders, not employed in or on assignment or detail to a post of duty in a foreign country, only that part of the employee’s salary converted for expenditure abroad could be included in the loss. The order prescribed the basic exchange rates for various foreign currencies to be used in computing losses.
Executive Order 7972 was a revision of the earlier regulations, as amended from time to time. The only material change, so far as plaintiff’s case is concerned, was a provision that employees traveling in foreign countries under official orders, not employed in or on assignment or detail to a post of duty in a foreign country, might include all of their net salary and allowances earned outside of the United States in computing their losses.
So far as appears, none of the regulations set out any particular requirements for filing claims for reimbursement.[1]
Plaintiff was on March 1, 1935, appointed a Special Investigator of the Alien Property Bureau, Claims Division, Department of Justice. From July 4, 1935, to February 4, 1939, except for the period from October 3, 1936, to November 17, 1936, plaintiff was traveling under official orders in the Netherlands, Germany, Denmark, Sweden and Belgium. After he returned to the United States, he filed a claim on March 4, 1939, with the Claims Division of the *345 Department of Justice for reimbursement of losses sustained on that part of his salary which he had converted into foreign currency. The claim was disallowed and no reason was given for the disallowance. It is agreed that the loss amounted to $3,184.64.
There are no reported cases involving the statute and regulations. Plaintiff contends that it is clear from reading the Executive Orders involved that he is entitled to recover. The defendant has advanced no reasons why plaintiff is not entitled to recover. Apparently there are none. Plaintiff has met the conditions prescribed in the regulations for reimbursement. He claimed and was paid exchange relief on his per diem allowances. He is equally entitled under the act and regulations to reimbursement for the losses sustained on the conversion of his salary. Plaintiff is entitled to recover $3,784.64.
It is so ordered.

 The only reference to the filing of a claim is found in the provision of Executive Order 7972 that in the case of losses sustained during the period from July 1, 1933, to March 31, 1934 (the date of the first Executive Order setting out the rates of exchange to be used), the loss should be calculated as provided therein and the claim for reimbursement should be accompanied by the best evidence available to the employee of the rate at which conversion was made. A similar provision was in Executive Order 6928.